## HALSTED *v.* McCHESNEY.

December, 1865.

Affirming 50 *Barb.* 34.

Plaintiff gave his bond to a third person for the benefit of his (plaintiff's) wife, and subsequently, on her death, was appointed her administrator. *Held,* in action by him, as administrator, to recover the bond, that he was entitled to its possession.

De Witt C. Halsted, administrator, &c., sued Jonas C. McChesney, in the supreme court, to compel the assignment to plaintiff of a bond for fifteen hundred dollars, or its cancellation, on the ground that it belonged to plaintiff's wife, the intestate, at her decease.

Eliza, daughter of defendant, intermarried with plaintiff, in March, 1849, and died in December, 1855, leaving a daughter, issue of the marriage.

The defendant, about five years after the marriage, gave plaintiff fifteen hundred dollars, as an advanced portion to his daughter, to be used in the purchase of a farm; upon agree-

ment that plaintiff should execute to his wife, his bond for the fifteen hundred dollars, it being intended to secure that sum to her. The bond was executed at the time of the transaction, and delivered to defendant for safe-keeping. About a year afterwards, upon the suggestion of defendant that a bond from husband to wife was not legal, the plaintiff executed a new bond, for the same amount, and of the same date, directly to the defendant, upon his promise to assign it to his daughter. After the death of his daughter, the defendant refused to assign the bond, or recognize it as belonging to her estate; and this action is brought to recover it by the plaintiff, as administrator of her estate.

Judgment was rendered for the delivery of the bond to plaintiff, and its cancellation, which was affirmed at general term,- except as to the cancellation of said bond. The defendant appealed to this court.

*D. L. Seymour*, for defendant, appellant.

*W. A. Beach*, for plaintiff, respondent.

DAVIES, J. [After stating the facts.]—The plaintiff, as the administrator of the estate of his wife, was entitled, by virtue of his office, to take into his possession and receive all the personal estate belonging to his deceased wife at the time of her decease. As the judgment of the special term was modified by that of the general term, no question is presented in reference to the cancellation of the bond, or as to its future disposition. The only question presented is whether the plaintiff was entitled to take and receive the same. This court is concluded by the facts, as found in the primary tribunal. It is well settled that we cannot review these findings, and therefore our only duty is to ascertain whether the conclusions of law arrived at, founded upon them, are correct. As already observed, the administrator is entitled to take all the personal estate belonging to his wife at the time of her death. Patterson *v.* Ellis, 11 *Wend.* 259.

There would, therefore, seem to be but one fact to be ascertained, and that is, was this bond the property of Mrs. Halsted at the time of her death? This inquiry is answered by the first

finding of fact, by the court which tried the action, which is, that the bond in suit was the property of Mrs. Halsted in her lifetime. The court was asked to find the converse of this proposition by the counsel for the defendant, and expressly refused so to find. There was an exception to such finding, but such exception presents no question for the consideration of this court. Neither do the refusals to find certain facts which the defendant's counsel supposed were proven at the trial, and the exceptions to such refusals, present questions which this court can or will consider. We gave to this matter a very careful examination in the case of Cowing v. Greene, decided in this court in December, 1864. And we came to the conclusion that this court could not review either the findings of fact in the primary tribunal, or its refusals to find any facts which either party might claim to be established on the trial. We held that such matters belonged exclusively to the court in which the action was pending, and that, when the record was brought here, questions of that kind could not be raised for our determination. These views dispose of the whole case as made by the appellant, and it is clear that the judgment appealed from must be affirmed, with costs.

CAMPBELL, J.—An arrangement was made by which the plaintiff was to purchase a farm, and, to aid in such purchase, the father of plaintiff was to give to him the sum of one thousand dollars, and the defendant, the father of plaintiff's wife, was to give to her the sum of fifteen hundred dollars, which last mentioned sum was to be considered and treated as an advance to his daughter. The farm was purchased and the money paid according to agreement, and the defendant took from the plaintiff a bond direct to his wife, whereby the plaintiff promised and consented to pay to her the said sum of fifteen hundred dollars and interest thereon. Thus the agreement between all the parties was carried into complete effect. The money had then passed beyond the father's recall. The plaintiff's father had paid the portion which he had agreed to give to his son, the defendant had paid and advanced the portion which he had agreed to give to his daughter, the farm had been purchased, and the money invested in it for the joint benefit of the hus-

Halsted v. McChesney.

band and wife—the wife's interest being secured by the husband's bond to her, and thus the arrangement was carried into effect, and the agreement between the parties executed. It was a post-nuptial contract. There were good considerations of love and affection on all sides, and the money thus freely given under such an arrangement became as absolutely the property of the daughter as if it was hers by inheritance or by gift from a stranger. The father of the wife could no longer control it, and could not regain title except by some positive act on the part of the daughter—the mere fact that he retained possession of the bond, could give to him no title to the money it was given to secure the payment of to the daughter. When afterwards, on the suggestion to the plaintiff by the defendant that the bond held by the latter was not legal, and the collection of it could not be enforced, the plaintiff at once consented to give a new bond, and which was accordingly done, the plaintiff giving to the defendant the bond now in controversy, being a bond of same date as the first bond, but made payable to the defendant, and which was to be assigned to the wife on her request. If the money belonged to the wife, the giving of this new bond did not change or affect the title, except that it may be said to have made the defendant the trustee of an express trust, being a contract made with him in his name for the benefit of his daughter—the plaintiff's wife. The wife died leaving no will, and in her lifetime never sold or assigned this bond or the money it was intended to secure. If there was a trust it was then ended. That both she and her father erred as to the law, and supposed that by reason of the bond being given direct to the father, that the same belonged to him and could only become absolutely hers by assignment from him to her, is very probable. What she said was of no avail—she did nothing. The title to the money would not be changed by the expression of her opinion or of her wish that it should go back to her father.

It seems to me very clear that upon the undisputed evidence in this case, this bond belongs to the estate of the deceased wife, and the husband, as her administrator, is entitled to its possession and control.

If so, this judgment should be affirmed.

NEW YORK

All the judges concurred except POTTER, J., absent.

Judgment affirmed, with costs.